Excelsior Savings Bank v. Campbell, appellant.

*Answer — when frivolous.*

The complaint in an action to foreclose a mortgage for the non-payment of interest, alleged that defendants failed to comply with the condition of the mortgage by omitting to pay the interest. The answer denied that defendants " were in default " in the payment of the interest. *Held,* that the answer stated a conclusion of law and was frivolous.

APPEAL from an order striking out the answer as frivolous and ordering judgment for plaintiff. The action was brought against Samuel Campbell and others, to foreclose a mortgage for $8,000, and interest, payable semi-annually, executed by the defendants, Samuel Campbell and Howard Campbell, on the failure of the defendants to pay the interest when due, the plaintiff electing under

a clause in the mortgage allowing him so to do to deem the whole principal sum immediately due and payable. The interest, $280 in amount, was due on the 27th day of September, 1873. The thirty days limitation expired October 27, 1873.

The complaint set forth the condition of the bond and mortgage and alleged "that the defendants have failed to comply with the condition of the said bond and mortgage by omitting to pay the sum of $280, which became due and payable on the 27th day of September, in the year 1873."

The answer was as follows: "The defendants, Samuel Campbell and Howard Campbell, for their separate answer to the complaint, deny that they were in default in the payment of the sum of $280, which became due and payable on the 27th day of September, 1873."

The plaintiff, after issue joined, moved for judgment on the answer as frivolous. The motion for judgment was granted, an order granting judgment duly entered, and judgment of foreclosure and sale subsequently perfected and the defendants above named appealed.

Another action was brought by the plaintiff against defendants upon a mortgage of $2,000. The pleadings, decision, order and judgment were the same, from which also the same defendants appealed.

*William S. Palmer*, for appellants.

*F. F. Van Derveer*, for respondent.

LAWRENCE, J. I think that the answers in these cases were properly held to be frivolous by the court at special term. The answers do not allege that the interest was paid by the defendants, nor do they deny that the defendants have failed to comply with the conditions of the bonds by omitting to pay the interest. The denial is that the defendants were in default in the payment of the sum of $280, etc., which became due and payable on the 27th day of September, 1873. It is nowhere averred that the interest has been paid, nor is any fact pleaded which tends in any way to show that the amount claimed is not due to the plaintiff, nor is it denied that the plaintiff is entitled to the amount claimed to be due. In fact no material fact is put in issue by the answers. They simply deny that the defendants were in default, which is a conclusion of law.

The case of *Youngs* v. *Kent*, 46 N. Y. 672, cited by the appellant's counsel, does not, as I understand it, aid the appellants. In that case the answer was held to deny that the quantity of sugar delivered was the same as stated in the complaint. This was a material allegation, which the plaintiffs were bound to prove, and it is quite evident from the opinion delivered by the court that the denial in question alone prevented the affirmance of the order for judgments which had been granted by the court below.

The orders of the special term are therefore affirmed, with $10 costs in each case.

*Orders affirmed.*